This was a writ of error obtained from the Hampshire Circuit Court, for the purpose of revising and correcting a judgment of the county court obtained by the commonwealth against the plaintiff.
He had been indicted for retailing spiritous liquors, to wit, a half pint of whiskey, to be drank at the place where sold, without having obtained the license of the law. The defendant’s counsel on the trial filed two hills of exceptions to the opinion of the court. In the first, it was stated that the defendant’s counsel asked the witness a question tending to his own discredit, which question the court declared improper, and refused to let him answer it. The defendant therefore excepted. In the second, it was stated that the only evidence produced 'against the defendant, was that he had sold brandy, whereas the indictment charged that he had sold whiskey, and that the jury found for the commonwealth on such evidence; whereupon the defendant moved for a new trial which the court refused, to which refusal the defendant excepted.
*In the circuit court, the counsel for the plaintiff in error admitted that this being a criminal case, the court below was not obliged to sign the bills of exceptions, but contended that as the court had actually signed them, they became a part of the record, and that the superior court was bound to take notice of any error which they disclosed, and to reverse the said judgment if the error so disclosed was sufficient. That question was adjourned to the general court for its advice.
The general court, June 13, 1812, decided that as the county court was not obliged to sign a bill of exceptions in any criminal case, although the county court has in this instance signed the hills, they do not thereby become a part of the record, and the superior court for Hampshire county was not bound to take notice of any error stated in the said bills of exceptions.